IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MELISSA THRASHER-LYON, on behalf of herself and a class of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 11 cv 4473 |
| v. | ) ) | Judge Ruben Castillo |
| ILLINOIS FARMERS INSURANCE COMPANY, et al. | ) ) ) | Mag. Judge Michael T. Mason |
| Defendants. | ) ) | |

## JOINT INITIAL STATUS REPORT

The parties, by their undersigned counsel, submit this Initial Status Report in accordance with the Court's individual practices and July 25, 2011 Order.

**A. Nature of the Case**

*1. Bases for jurisdiction, nature of the claims and counterclaims.* Plaintiff Melissa Thrasher-Lyon ("Plaintiff") brings claims on behalf of herself and classes of similarly situated individuals, against Defendants Illinois Farmers Insurance Company ("Farmers") and Credit Collection Services Commercial ("CCS") (collectively, "Defendants"). Plaintiff brings claims against CCS under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/30, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq.* and one claim against Farmers under the Illinois Consumer Fraud Act. Plaintiff alleges jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Defendants have moved to dismiss all counts.

*2. Relief sought by plaintiff.* Plaintiff seeks to recover statutorily set damages, as well as treble and punitive damages.

*3. Status of service.* All defendants have been served.

4. *Major legal and factual issues*.

*According to Plaintiff*. Whether Defendants had policies and practices of sending notices to individuals characterizing amounts claimed as amounts owed; whether Defendants' policies and practices were deceptive; whether CCS had a policy and practice of using automatic telephone duality systems and/or artificial or prerecorded voice messaging equipment to call cellular telephone numbers; whether Defendants' policies and practices caused direct and proximate harm to Plaintiff and members of the classes; whether Plaintiff is able to meet the requirements for class certification pursuant to Fed. R. Civ. P. 23 for each of the four classes alleged in the Complaint.

Yesterday, Plaintiffs received Defendants' motions to dismiss and first learned of the bases for their motions. Plaintiffs are preparing their response.

*According to Defendants*. Defendants have filed motions to dismiss Plaintiff's Complaint setting forth the legal and factual issues and key authorities that will assist the Court in understanding and ruling on the issues. Defendants do not believe any class can be certified in this case and, therefore, focus the Court's attention on the legal and factual issues of Plaintiff's individual claims. The major legal and factual issues are whether Defendants' alleged conduct is "trade" or "commerce" as defined by the Consumer Fraud Act; whether Plaintiff can prove a consumer nexus between Defendants' conduct and any market; whether any of the statements in Defendants' letters were deceptive; whether Plaintiff was deceived by Defendants' letters; whether Defendant has suffered any injury proximately caused by Defendants' allegedly deceptive conduct; whether Plaintiff provided consent for any calls and/or was the subscriber or owner of the telephones; whether an automatic dialing system or prerecorded voice was used; whether Plaintiff owes $3,240.19 for damages caused in the accident. Defendants direct the

2

Court to the following authority: *Barille v. Sears Roebuck & Co.*, 289 Ill. App. 3d 171 (1st Dist. 1997); *Global Total Office Ltd. Partnership v. Global Allies, LLC*, No. 10 C 1896, 2011 WL 3205487, (N.D. Ill. July 28, 2011); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 199, 835 N.E.2d 801, 861 (2005); *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 879 N.E.2d 910 (2007); *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 893 N.E.2d 981 (1st Dist. 2008); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006); *Westinghouse Credit Corp. v. CMOS Circuit, Inc.*, No. 88 C 163, 1988 WL 107356, at *1 (N.D. Ill. Oct. 13, 1988).

**B. Draft Scheduling Order**

Defendants have filed motions to dismiss the Complaint. The parties propose the following briefing schedule: (1) Plaintiff will file her response(s) on or before September 16, 2011. (2) Defendants shall file their respective replies on or before October 7, 2011.

Discovery in this action has not yet commenced. Plaintiff believes that discovery as to all issues relevant to class certification should commence immediately so that the case may proceed toward an expeditious resolution. To the extent Defendants believe discovery should be stayed, Plaintiff's position is that a stay while a motion to dismiss is pending is not automatic; and the circumstances generally warranting a stay, such as a challenge to standing or resolution of qualified immunity, are not present here. *See Tamburo v. Dworkin*, 04-cv-3317, 2010 WL 4867346, at *1-2 (N.D.Ill. Nov. 17, 2010). Plaintiff proposes that her motion for class certification be filed by November 15, 2011; Defendants' responses be filed by December 15, 2011; and that Plaintiff's reply be filed by December 30, 2011. After a ruling on class certification, a schedule could be set for any remaining merits discovery and experts.

Defendants believe it is premature to argue about discovery at this junction. Defendants have filed motions to dismiss the Complaint arguing, among other things, that Plaintiff lacks standing because she has not suffered any injury in fact. Defendants do not know if Plaintiff will seek to file an amended Complaint. Under Rule 26(d), discovery is not to proceed until after the Rule 26(f) conference. The deadline for the Rule 26(f) conference is September 29, 2011. Defendants are investigating Plaintiff's claims to prepare for the Rule 26(f) conference. After the Rule 16(f) conference, and after Plaintiff serves her discovery requests, Defendants will assess whether relief is necessary and proper under the applicable rules. Defendants proposed that by September 30, 2011, the parties submit a proposed scheduling order addressing (i) discovery needed for any class certification hearing, (ii) any proposed protective order and (iii) a protocol for producing electronically stored information. The Defendants propose that the parties make their initial disclosures required under Rule 26(a)(1) by November 18, 2011.

**C. Trial Status**. Plaintiff has requested a jury trial. The parties are not yet able to predict the probable length of any trial.

**D. Consent to Proceed Before a Magistrate Judge.** The parties have not consented to proceed before a Magistrate Judge.

**E. Settlement Status**. The parties have not had settlement discussions.

| | |
|---|---|
| Dated: August 26, 2011 | Respectfully submitted, |

| | |
|---|---|
| MELISSA THRASHER-LYON, on behalf of herself and a class of others similarly situated | ILLINOIS FARMERS INSURANCE COMPANY |
| By:/s/ Anand Swaminathan<br>    One of Her Attorneys<br>Arthur Loevy<br>Michael Kanovitz<br>Jon Loevy<br>Anand Swaminathan<br>LOEVY & LOEVY<br>312 North May Street, Suite 100<br>Chicago, IL 60607<br>(312) 243-5900 | By:/s/ Nathan W. Lamb<br>    One of Its Attorneys<br>Randall A. Hack (6187595)<br>Brian I. Hays (6256068)<br>Nathan W. Lamb (6286667)<br>LOCKE LORD BISSELL & LIDDELL LLP<br>111 South Wacker Drive<br>Chicago, IL 60606-4410<br>(312) 443-0700<br><br>CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL,<br><br>By:/s/ Clifford E. Yuknis<br>    One of Its Attorneys<br>David M. Schultz<br>Clifford E. Yuknis<br>Matthew Glavin<br>HINSHAW & CULBERTSON LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, Illinois 60601<br>312/704-3000 |