IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA THRASHER-LYON, on behalf of herself and a class similarly situated, ) ) ) | |
| Plaintiff, ) | Case No.: 11-C-4473 |
| vs. ) ) | |
| ILLINOIS FARMERS INSURANCE ) COMPANY and CCS COMMERCIAL LLC ) d/b/a CREDIT COLLECTION SERVICES ) COMMERCIAL, ) ) | Judge Ruben Castillo Magistrate Judge Michael T. Mason |
| Defendants. ) | |

**SUPPLEMENT TO CCS COMMERCIAL LLC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant CCS Commercial LLC ("CCS") by its attorneys David M. Schultz, Clifford Yuknis and Matthew T. Glavin of Hinshaw & Culbertson LLP, respectfully submits this Supplement to its Memorandum in Support of its Motion to Dismiss.

**THRASHER-LYON FAILS TO STATE A CLAIM UNDER
THE ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT**

Beside the grounds stated in CCS's initial Memorandum, Thrasher-Lyon also fails to state a claim under the Illinois Automatic Telephone Dialers Act ("Illinois Telephone Act") since her allegations show the alleged calls were otherwise not prohibited. The Act provides it is a violation of the statute to play a prerecorded message placed by an autodialer without the consent of the called party. 815 ILCS 305/30(b). However, the Act defines "recorded message" as "any taped communication soliciting the sale of goods or services without live voice interaction." 815 ILCS 305/5(c). Here, there are no allegations that CCS played any "taped communications soliciting the sale of goods or services without live voice interaction."

Moreover, the Act defines "autodialer" as:

> . . . any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers **in order to automatically connect a telephone with a recorded message**, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system.

815 ILCS 305/5(a) (emphasis added). Here, the complaint does not allege that this type of equipment was used or that any "recorded messages" – taped communications soliciting the sale of goods or services without live voice interaction – were played. The calls were allegedly made in an effort to collect the amount claimed (complaint ¶ 15).

Further, as stated in CCS's initial Memorandum, Thrasher-Lyon gave her consent.

## CONCLUSION

For the foregoing reasons, Defendant CCS Commercial LLC respectfully submits that the Court grant its motion to dismiss for failure to state a claim upon which relief can be granted.

HINSHAW & CULBERTSON LLP

By:/s/*Clifford E. Yuknis*
One of the Attorneys for Defendant CCS COMMERCIAL LLC.

David M. Schultz
Clifford E. Yuknis
Matthew T. Glavin
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
mglavin@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on **August 31, 2011**, I electronically filed the above and foregoing **SUPPLEMENT TO CCS COMMERCIAL LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served on all parties of record.

                HINSHAW & CULBERTSON LLP

                s/ *Clifford E. Yuknis*
                Clifford E. Yuknis