IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA THRASHER-LYON, on behalf of herself and a Class of others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 11-CV-04473 |
| CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL, ) ) ) | Judge: RUBEN CASTILLO |
| Defendant. ) ) | |

**DEFENDANT CCS COMMERCIAL LLC'S
ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSE**

Defendant CCS COMMERCIAL, LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL ("CCS"), by its undersigned attorneys, submits its Answer to Plaintiff MELISSA THRASHER-LYON's ("Thrasher-Lyon") Amended Complaint and Affirmative Defenses.

**Introduction**

1. This is an action pursuant to the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Plaintiff seeks to recover statutorily set damages as well as treble damages from Defendant due to its pattern and practice of violating the TCPA to collect monies from the Class members.

**ANSWER:** CCS admits that Melissa Thrasher-Lyon has filed an action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.,* and seeks to recover statutorily set damages as well as treble damages from CCS, denies that CCS engaged in any pattern or practice of violating the TCPA or any other wrongdoing and denies the remaining allegations contained in paragraph 1.

**Jurisdiction and Venue**

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, as this case involves claims under the TCPA, and the Defendant is of diverse citizenship with members of the class, and the amount in controversy exceeds $5,000,000. Venue is proper pursuant to 28 U.S.C.

§ 1391 as the Defendant may be found here and a substantial part of the conduct giving rise to the claims occurred here.

**ANSWER:** CCS denies the first sentence and admits the second sentence.

### Parties and Other Entities

3. Named Plaintiff, Melissa Thrasher-Lyon, is a citizen of Illinois, residing in Chicago, Illinois. She is 22 years old, and is employed as a barista at a Chicago coffee shop. Named Plaintiff personally experienced the deceptive and harassing practices alleged herein, after being involved in an accident with a motorist insured by Illinois Farmers Insurance Company ("Farmers") while riding her bicycle.

**ANSWER:** CCS admits that Thrasher-Lyon is a citizen of Illinois, residing in Chicago, Illinois and that the motorist was insured by Illinois Farmers Insurance Company. CCS lacks knowledge or information sufficient to form a belief about the truth of the allegations of plaintiff's age and the nature of her employment. CCS denies the remaining allegations.

4. Defendant CCS COMMERCIAL, LLC, which does business as CREDIT COLLECTION SERVICES COMMERCIAL is a collection company that uses the mails and interstate telephony to collect disputed claims and debts on behalf of other companies, including, *inter alia*, Farmers. CCS COMMERCIAL, LLC is a Delaware corporation, with offices located at 2 Wells Avenue, Newton, Massachusetts, 02459, that does business in Illinois. Its agent for service of process in Illinois is CT Corporation System, locate as 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER:** CCS admits that Defendant CCS COMMERCIAL, LLC does business as CREDIT COLLECTION SERVICES COMMERCIAL, and uses the mails and interstate telephone to collect subrogation claims on behalf of other companies, including, *inter alia*, Farmers. CCS admits that CCS COMMERCIAL, LLC is a Delaware corporation with offices located at 2 Wells Avenue, Newton, Massachusetts 02459, that does business in Illinois, and that its agent for service of process in Illinois is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. CCS denies the remaining allegations of paragraph 4.

### Facts Relating to the Named Plaintiff

5.      On April 8, 2011, Named Plaintiff Thrasher was involved in an accident with a motorist while riding her bicycle. The accident occurred at the corner of the streets of Racine and Belmont, in Chicago. The motorist suffered no injuries; there were minor damages to his vehicle. Thrasher suffered only minor physical injuries.

**ANSWER:**     CCS denies there were minor damages to the vehicle and admits the remaining allegations of paragraph 5.

6.      The motorist involved in the accident was insured by Farmers. Farmers asserted that it has subrogation rights against Thrasher.

**ANSWER:**     CCS admits the allegations of paragraph 6.

### False Letters and Written Notices

7.      Over the subsequent weeks, Farmers sent Thrasher a series of misleading letters making representations about the amount of damages from the accident and claiming that she presently owed Farmers the full amount of damages, and threatening to sue her if she did not pay that amount.

**ANSWER:**     CCS denies the allegations of paragraph 7.

8.      These letters contained numerous falsehoods. Among other matters, the letters sought money for injuries to the vehicle that could not possibly have been inflicted in the accident and included a vastly exaggerated estimate of the costs of repair.

**ANSWER:**     CCS denies the allegations of paragraph 8.

9.      Plaintiff next received written documents from CCS, each of which was stylized in large lettering across the page as a "WARNING NOTICE" and directing her to make payment at their website "www.warningnotice.com." The notices stated that CCS had been assigned to collect $3,240.19 that Plaintiff allegedly owed to Farmers, and that she should "Pay Immediately."

**ANSWER:**     CCS admits that it sent a letter to Thrasher-Lyon in connection with its subrogation recovery efforts on behalf of its client and sought to recover for the damages claimed by its client on behalf of its insured, and denies the remaining allegations of paragraph 9 to the extent they differ from the actual text of the letters.

### Harassing Telephone Calls

10.     Named Plaintiff THRASHER received a series of harassing telephone calls from the CCS Defendants as part of their effort to collect the amount claimed.

3

**ANSWER:** CCS denies the allegations of paragraph 10.

11. The calls from the CCS Defendants were placed from an automatic telephone dialing system. All of the calls came from the same telephone number. When Plaintiff was not available to answer the calls, each time a voicemail message was left on her phone using a machine or prerecorded voice. When Plaintiff was able to answer her cellular phone, no person was waiting on the other end when she answered the call.

**ANSWER:** CCS denies that calls were placed from an automatic telephone dialing system as defined in the TCPA, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence, and denies the remaining allegations of paragraph 11.

12. The calls were placed to Plaintiff's cellular telephone number. Plaintiff never consented for CCS, or anyone else, to call her at that telephone number, nor to be called using an automatic dialing system, nor to be left a message with a machine or prerecorded voice.

**ANSWER:** CCS admits the first sentence and denies the remaining allegations contained in paragraph 12.

13. Each of the above calls was a violation of the TCPA's restriction on using any automatic telephone dialing system and/or an artificial or prerecorded voice to call cellular telephones. Further, Defendant acted "knowingly" within the meaning of the TCPA. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff is entitled to the greater of the amount of his actual damages or $500 per call together, trebled, together with the costs and attorneys fees for this action.

**ANSWER:** CCS denies the allegations contained in paragraph 13.

### Class Allegations

14. Plaintiff seeks to represent herself and a class of others similarly situated. The class consists of:

> All persons who have received a telephone call deployed by the CCS Defendants to his/her cellular telephone number using an automatic telephone dialing system and/or using an artificial or prerecorded voice, and without prior express consent, since July 1, 2007.

**ANSWER:** CCS admits that Thrasher-Lyon alleges she seeks to represent herself and a Class of other similarly situated but denies that there is any valid Class or that any Class should be certified and therefore denies the allegations contained in paragraph 14.

4

15. The individuals in Class I are so numerous that joinder of all members is impractical. Named Plaintiff THRASHER estimates that Class I numbers in at least the tens of thousands because, *inter alia*,

    a. According to its own website, CCS and its affiliates form one of the largest collection firms in the industry, providing services to high-profile clients across the country. They provide services across a number of industries, including financial/insurance, telecom/cable, healthcare, energy and utilities, retail, student loans and child support. CCS boasts its use of "automated contact programs" and a "proprietary voice messaging platform which can generate millions of contacts daily."

    b. Famers, one of CCS's clients and on behalf of which CCS used an automatic telephone dialing system and/or an artificial or prerecorded voice, is part of the third largest insurance company in the United States, servicing over 10 million households. Its client base extends to 41 states across the country. It has more than 25,000 employees and earns more than $2 billion annually. The number of individuals referred to the CCS Defendants by Farmers alone is therefore likely to be very large, and CCS services many such clients.

    c. More than 285 million Americans, making up approximately 91% of the population, are mobile phone subscribers, according to wireless industry surveys.

    d. The nature of automatic telephone dialing systems and artificial or prerecorded voice messaging equipment is that they are used to contact large numbers of people.

**ANSWER:** CCS denies the first sentence. CCS admits that it had a website, and denies the remaining allegations of paragraph 15a to the extent they differ from the website. CCS denies the allegations in paragraph 15b. CCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15c. CCS denies the allegations of paragraph 15d.

16. There are questions of law and fact common to the claims of Class I. Among these common questions are:

    a. Whether the CCS Defendants have a policy or practice of using automatic telephone dialing systems and/or artificial or prerecorded voice messaging equipment to call cellular telephone numbers;

    b. Whether the CCS Defendants have proper procedures in place to prevent the use of automatic telephone dialing systems and/or artificial or

   prerecorded voice messaging equipment to call cellular telephone numbers;

 c. Whether CCS thereby violates the TCPA;

 d. Whether the CCS Defendants acted willfully or knowingly in violating the TCPA.

**ANSWER:** CCS admits Thrasher-Lyon alleges purported common questions of law and fact among the claims of Class I of the purported Class, denies that there is any valid Class or that any Class should be certified and therefore denies the remaining allegations of paragraph 16 and each and every subparagraph (a) through (d) inclusive.

17. The Named Plaintiff's claims are typical of the claims of the Class.

**ANSWER:** CCS denies the allegations of paragraph 17.

18. The Named Plaintiff will fairly and adequately represent the interests of the Class. She has retained skilled counsel with experience in federal and class action litigation to represent the Class.

**ANSWER:** CCS denies the allegations in the first sentence of paragraph 18. CCS denies that there is any valid Class or that any Class should be certified, and therefore denies the remaining allegations of paragraph 18.

19. The questions of law and fact common to the Class predominate over any individual Issues.

**ANSWER:** CCS denies the allegations of paragraph 19.

### COUNT I — Federal Telephone Consumer Protection Act - Against CCS

20. Plaintiff incorporates each and every paragraph of this complaint as if fully set forth herein.

**ANSWER:** CCS repeats and incorporates each and every answer to paragraphs 1 through 19 inclusive of Thrasher-Lyon's complaint as if fully set forth herein.

21. By all of the above, the CCS Defendants engaged in willful and knowing violations of the TCPA's restriction on using any automatic telephone dialing system or an artificial or prerecorded voice to call cellular telephones.

**ANSWER:** CCS denies the allegations of paragraph 21.

22. Plaintiff and the members of the Class were damaged as a direct and proximate result.

**ANSWER:** CCS denies the allegations of paragraph 22.

23. Pursuant to 47 U.S.C. § 227(b)(3) and (c)(5) they are entitled to the greater of the amount of their actual damages or $500 per call, trebled, together with the costs and fees herein.

**ANSWER:** CCS denies the allegations of paragraph 23.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Thrasher-Lyon fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

1. Thrasher-Lyon gave express written consent to receive calls to her cellular telephone.

2. Specifically, Thrasher-Lyon gave her cellular telephone number to the police at the time of the accident.

3. Thereafter, Thrasher-Lyon gave her consent to call her cellular telephone number to Illinois Farmers Insurance Company.

4. If any of the members of the putative classes gave prior express consent, those members have no TCPA claim.

5. This affirmative defense is asserted in the alternative to CCS's argument and position that lack of consent is an element of a TCPA claim as to which Thrasher-Lyon has the burden of proof.

WHEREFORE, Defendant CCS COMMERCIAL, LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL requests that judgment be granted in its favor and against Plaintiff Melissa Thrasher-Lyon, dismiss this action with prejudice, award Defendant its costs and grant Defendant such other and further relief as this Court deems proper.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

    By: s/Clifford E. Yuknis
        Clifford E. Yuknis

David M. Schultz
Clifford E. Yuknis
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
dmschultz@hinshawlaw.com
cyuknis@hinshawlaw.com