**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELISSA THRASHER-LYON, on behalf of herself and a class similarly situated, </br></br>Plaintiff,</br></br>vs.</br></br>ILLINOIS FARMERS INSURANCE COMPANY and CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL,</br></br>Defendants. | Case No.: 11-C-4473</br></br>Judge Ruben Castillo</br>Magistrate Judge Michael T. Mason |

**MEMORANDUM IN SUPPORT OF DEFENDANT CCS COMMERCIAL LLC'S MOTION FOR SUMMARY JUDGMENT**

Defendant CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL ("CCS" or "Defendant"), by its undersigned attorneys, respectfully submits this Memorandum in Support of its Motion for Summary Judgment.

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff Melissa Thrasher-Lyon ("Thrasher-Lyon") alleges that CCS violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, in connection with CCS' attempt to collect a debt from her on behalf of Illinois Farmers Insurance Company ("Illinois Farmers"). Specifically, Thrasher-Lyon alleges that CCS called her on her cellular telephone in an effort to collect the debt without her consent. The debt arose out of an April 8, 2011, collision involving Thrasher-Lyon, who was riding a bicycle, and Charles Ferguson, an Illinois Farmers insured, who was driving a car.

CCS did not violate the TCPA. Thrasher-Lyon thrice consented to be called on her cellular telephone number (XXX) XXX-0639. First, she provided her cellular telephone number

to the motorist with whom she collided, Charles Ferguson ("Ferguson"). This consent inured to benefit of Ferguson's insurer, Illinois Farmers, which in turn inured to the benefit of CCS. Second, she provided the Chicago Police Department with her cellular telephone at the time of the April 8, 2011 accident between herself and Ferguson ("April 8, 2011 incident"). This consent given to the police for reading as the public record, inured to CCS' benefit. Third, Thrasher-Lyon provided her consent to call her cellular telephone number to Illinois Farmers during a recorded statement given to Illinois Farmers in connection with the April 8, 2011 incident and the Illinois Farmers' subrogation debt. This consent inured to the benefit of CCS. Thus, there is no genuine issue of material fact as to Thrasher-Lyon's giving consent to receive calls on her cellular telephone number (XXX) XXX-0639, and CCS is entitled to summary judgment on her TCPA claim.

Thrasher-Lyon filed this action as a class action seeking to recover for CCS' alleged violations of the TCPA. CCS' current motion is directed to Thrasher-Lyon's individual claim. If this case proceeds, CCS will be moving for summary judgment on various class issues and claims.

## I.     STATEMENT OF FACTS

Defendant CCS is a Delaware corporation whose principal business purpose is debt collection (attached Statement of Uncontested Facts ("SUF") ¶ 4). On April 8, 2011, Thrasher-Lyon was involved in an accident with a motor vehicle driven by Ferguson in Chicago while riding her bicycle (SUF ¶ 7).

After the collision and at the accident scene, Thrasher-Lyon provided Ferguson with her cellular telephone number, (XXX) XXX-0639 (SUF ¶ 8). Thrasher-Lyon also provided her cellular telephone number (XXX) XXX-0639 to the Chicago Police officer who arrived at the

scene. (SUF ¶ 10). The officer recorded the statement on an Illinois Motorist Report (SUF ¶ 11).

Subsequent to the April 8, 2011, accident, Ferguson communicated with Thrasher-Lyon via telephone calls and text messages to and from her cellular telephone with number (XXX) XXX-0639, regarding the April 8, 2011, accident and related issues (SUF ¶ 9). Illinois Farmers insured Ferguson (SUF ¶ 12). Illinois Farmers paid Ferguson for his loss, less the deductible (SUF ¶ 13). Illinois Farmers unsuccessfully sought to collect this subrogation debt ("Debt") directly from Thrasher-Lyon (SUF ¶ 14). It then placed the Debt with CCS for collection (SUF ¶ 19).

On April 13, 2011, Thrasher-Lyon provided a recorded statement to Tricia Brangar of Illinois Farmers in connection with the April 8, 2011 incident (SUF ¶ 16). In that statement, Thrasher-Lyon told Illinois Farmers that her cellular telephone number (XXX) XXX-0639 was her only telephone number, and that Illinois Farmers could call her at that number (SUF ¶¶ 17-18). Later, Thrasher-Lyon received calls on her cellular telephone (XXX) XXX-0639 from CCS in its effort to collect the Debt (SUF ¶ 20).

## II. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD.

A motion for summary judgment must be granted "if the pleadings, the depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Issues are genuine if a reasonable jury could find for the non-movant, and facts are material if they can affect the outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

_____

**B. THERE WAS NO TCPA VIOLATION BECAUSE THRASHER-LYON PROVIDED HER CONSENT TO RECEIVE THE CALLS ON HER CELLULAR TELEPHONE.**

**1. The TCPA Does Not Prohibit Calls To Cellular Phones If Made With Prior Express Consent.**

The TCPA prohibits making (A) "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... (iii) to any telephone number assigned to a ... cellular telephone service [.]" 47 U.S.C. § 227(b)(1)(A)(iii). The statute does not specify how that prior express consent must be given. However, the Federal Communications Commission ("FCC") has clarified what constitutes "express consent" under the statute pursuant to its authority to create rules and regulations implementing the TCPA. *See* 47 U.S.C. § 227(b)(2). The FCC has ruled that "persons who knowingly release their telephone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, ¶ 9, 2008 WL 65485, at **3 (Jan. 4, 2008) ("2008 TCPA Order") citing *In Re Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752 at ¶ 31, 1992 WL 690928, at **11 (Oct. 16, 1992) ("1992 Report").

Calls to a cellular telephone made with the prior express consent of the called party are not prohibited. 47 U.S.C. § 227(b)(1)(A). The FCC has ruled that:

> [A]utodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party . . . [and] are permissible. We conclude that the provision of a cell telephone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell telephone subscriber to be contacted at that number regarding the debt.

4

2008 TCPA Order at ¶ 9, 2008 WL 65485, at **3. The FCC explained its interpretation of "prior express consent":

> [P]rior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.

2008 TCPA Order at ¶ 10, 2008 WL 65485, at **3.

In *Cunningham v. Credit Mgmt, L.P.*, 2010 WL 3791104 (N.D.Tex. Aug. 30, 2010), the plaintiff had an internet services account with Time Warner, which had obtained the plaintiff's cellular telephone number in connection with the account. 2010 WL 3791104, at *5. The plaintiff did not have a residential line or landline telephone. *Id.* The plaintiff refused to disclaim that he provided his cellular telephone number to Time Warner. *Id.* The Court found that this evidence sufficiently established that the plaintiff provided his cellular number to Time Warner and, in doing so, consented to receiving automated and prerecorded calls in relation to any debt he may incur with Time Warner. *Id.* The Court found that consent was given as a matter of law and awarded summary judgment to the defendants. *Id.*

Similarly, in *Mitchem v. Illinois Collection Serv., Inc.*, 2012 WL 170968 (N.D.Ill. Jan. 20, 2012), the court found that the plaintiff consented to receive calls on his cellular telephone in connection with a medical debt. The plaintiff had given his cellular telephone number to a healthcare facility upon receiving treatment there. 2012 WL 170968, at *1. When he failed to pay the bill, the facility gave his cell telephone number to the defendant collection service to collect the debt. *Id.* The defendant made numerous auto-dialed calls to plaintiff's cell telephone and left prerecorded messages on his voice mail to attempt to collect the debt. *Id.* In ruling for the collection agency, the court explained that "a consumer's provision of his cell telephone number to a creditor ... reasonably evidences [his] prior express consent to [being] contacted at that number about the debt absent instructions to the contrary" (internal quotations and citation

omitted). *Id.* Accordingly, the court found that the plaintiff's TCPA claim, and thus that of the class he represented, failed. *Id.* at 2.

### 2. Thrasher-Lyon Provided Her Consent To Receive Telephone Calls On Her Cellular Telephone.

Here, the undisputed facts establish that Thrasher-Lyon thrice consented to receive calls on her cellular telephone number (XXX) XXX-0639. First, Thrasher-Lyon provided her cellular telephone number to Ferguson at the April 8, 2011, accident site which gave rise to the Debt. (SUF ¶ 8). Following the April 8, 2011, accident, Ferguson communicated with Thrasher-Lyon via telephone calls and text messages to and from her cellular telephone with number (XXX) XXX-0639 regarding the April 8, 2011, accident and related issues (SUF ¶ 9).

Second, Thrasher-Lyon provided the Chicago Police with her cellular telephone number (XXX) XXX-0639 at the scene of the incident which gave rise to the Debt. The Chicago Police officer recorded the number in an Illinois Motorist Report, which was completed at the accident site (SUF ¶ 11).[1] Thrasher-Lyon's provision of her cellular telephone number to the police for a public report further constitutes express consent to call her on that cellular number. *See* 47 U.S.C. § 227(b)(2); 2008 TCPA Order at ¶ 9, 2008 WL 65485, at **3 (stating that the TCPA does not prohibit automated calls to wireless phones that are made with the express consent of the individual telephoned); 1992 Report at ¶ 31, 1992 WL 690928, at ** 11. *See Greene v. DirecTV, Inc.*, 2010 WL 4628734, at *3 (N.D.Ill. Nov. 8, 2010) (consent found when debtor gave his cellular telephone number to a credit bureau).

Third, Thrasher-Lyon gave Illinois Farmers consent to call her on that cellular number. This consent was given by Thrasher-Lyon in a statement provided in connection with the April 8,

---

[1] This Court may properly take notice of such a public record. Fed.R.Evid. 201; *520 S. Michigan Ave. Assoc., Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14; *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008).

130359746v1 0925245

2011 incident and the Debt owing to Illinois Farmers (SUF ¶¶ 14-18). In so doing, Thrasher-Lyon consented to receive calls at that number in conjunction with the Debt arising from the April 8, 2011, incident. Upon providing Illinois Farmers with her cellular telephone number, Thrasher-Lyon placed no conditions on the use of her number (SUF ¶ 18). To the contrary, she stated that her cellular telephone number was her "only" contact number. (SUF ¶ 17). Thrasher-Lyon expressly consented to receive Illinois Farmers' calls on her cellular telephone number.

### 3. Thrasher-Lyon's Consent Provided to Illinois Farmers, the Chicago Police and Ferguson Inured To The Benefit Of CCS.

Thrasher-Lyon's consent to Illinois Farmers inured to the benefit of CCS, Illinois Farmers' third party debt collectors, *See Frausto v. IC Sys., Inc.*, 2011 WL 3704249, at *2 (N.D. Ill. Aug. 22, 2011) (stating that third-party debt collectors step into the shoes of the creditor on whose behalf they seek to recover the debt). Calls "placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." 2008 TCPA Order at ¶ 10, 2008 WL 65485 at, ** 3; *Soppet v. Enhanced Recovery Co., LLC,* 2012 WL 1650485, at *5 (7th Cir. May 11, 2012).

Thrasher-Lyon's provision of her cellular telephone number to the Chicago Police and recorded in a public record also inured to CCS' benefit. *See Greene*, 2010 WL 4628734, at *3 (consent inured to the benefit of a creditor even though the debtor provided the cellular telephone number to a credit bureau, since the debtor knew that potential creditors would use it as a contact number for fraud alert purposes).

Finally, Thrasher-Lyon's provision of her cellular telephone number (XXX) XXX-0639 to Ferguson also evidences Thrasher-Lyon's express prior consent to be called at that number, which inured to CCS' benefit. Illinois Farmers paid its insured Ferguson for his loss, less his policy deductible, pursuant to Ferguson's insurance policy (SUF ¶ 13). Therefore, Illinois

7

Farmers was subrogated to Ferguson's rights against Thrasher-Lyon, and stepped into Ferguson's shoes.

"Subrogation simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant." *Trogub v. Robinson*, 366 Ill.App.3d 838, 842, 853 N.E.2d 59 (1st Dist. 2006). *Accord In re Pearce, Vieira v. Pearce*, 236 B.R. 261, 264 (Bankr. S.D.Ill. 1999) (applying Illinois law); *Dix Mut. Ins. Co. v. LaFramboise*, 149 Ill.2d 314, 319, 597 N.E.2d 622 (1991) cited by *Nat'l Union Ins. Co. v. Dowd & Dowd, P.C.*, 2 F. Supp. 2d 1013, 1016 n.5 (N.D.Ill. 1998).

Illinois Farmers received consent directly from Thrasher-Lyon. It also succeeded to Ferguson's receipt of consent to call Thrasher-Lyon, since Ferguson was its subrogor whose loss it paid. Under the FCE rulings cited above, a third-party collector (like CCS) obtains the benefit of the creditor's (like Illinois Farmers') receipt of consent. Illinois Farmers had the benefit of Thrasher-Lyon's consent given to it and to Ferguson; therefore, CCS received from its client Illinois Farmers the benefit of Thrasher-Lyon's consent provided to Illinois Farmers as well as her consent provided to Ferguson, Illinois Farmers' subrogor.

The FCC's rulings that consent to the creditors inures to the benefit of a creditor's third-party debt collector must be accepted by the district court as the FCC's interpretation of the TCPA. *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446, 449 (7th Cir. 2010) (stating that district courts lack jurisdiction to review validity of FCC regulations). The 2008 FCC Order is binding on this Court pursuant to the Hobbs Act, which reserves to the courts of appeals the exclusive jurisdiction to enjoin, set aside, suspend or determine the validity of all final FCC orders. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402; *City of Peoria v. Gen. Elec. Cablevision Corp.*, 690 F.2d 116, 119-20, 122 (7th Cir. 1982) (district courts lack jurisdiction to

review validity of FCC regulations); *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012, at *3 (N.D.Ill. Aug. 16, 2011); *Frausto*, 2011 WL 3704249, at *2 (FCC order binding on the district court). *See Greene*, 2010 WL 4628734, at *3 (the court rejecting plaintiff's position which was contrary to the FCC's, and found that where the debtor provided her cellular telephone number to a credit bureau, the debtor gave express consent to the creditor).

## CONCLUSION

There is no genuine issue of material fact as to Thrasher-Lyon's consent to receive calls on her cellular telephone number. For the foregoing reasons, Defendant CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL, respectfully submits that the Court grant its motion for summary judgment.

Respectfully Submitted,

CCS COMMERCIAL LLC d/b/a CREDIT
COLLECTION SERVICES
COMMERCIAL, Defendant

By: s/*David M. Schultz*
Hinshaw & Culbertson LLP
David M. Schultz
Clifford E. Yuknis
James C. Vlahakis
Katherine H. Tresley
222 N. LaSalle, Suite 300
Chicago, IL 60601
E-mail: dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
jvlahakis@hinshawlaw.com
ktresley@hinshawlaw.com

130359746v1 0925245