**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELISSA THRASHER-LYON, on behalf of herself and a class similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CCS Commercial LLC d/b/a Credit Collection Services Commercial, )<br>)<br>Defendants ) | Case No.: 11-cv-4473<br><br>Judge John J. Tharp, Jr. |

**DEFENDANT CCS COMMERCIAL LLC, D/B/A CREDIT COLLECTION SERVICES COMMERCIAL'S REPLY TO PLAINTIFF'S LOCAL RULE 56.1 (B) STATEMENT OF ADDITIONAL UNCONTESTED FACTS**

Defendant CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES COMMERCIAL, by its attorneys David M. Schultz, Clifford E. Yuknis and James C. Vlahakis, respectfully submits its reply to plaintiff's Local Rule 56.1(b) Statement of Additional Uncontested Facts:

1.  Defendant made one or more calls to Plaintiff's cellular telephone number using a predictive dialer. (Defendant's Amended Responses to Plaintiff's Requests to Admit, No. 17, attached as Ex. 1.)

RESPONSE: Defendant admits for the purpose of the cross motions for summary judgment that the number was Plaintiff's purported cellular telephone number, and admits the remainder. Defendant, however, denies that Plaintiff was the subscriber of the telephone number in question. (Plaintiff's Response to Defendants' First Set of Interrogatories No. 2 attached hereto as CCS Ex. 1; Plaintiff's Response to Defendants' First Set of Requests to Admit No. 1 attached hereto as CCS Ex. 2.) Defendant, however, denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

2. Defendant made one or more calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice. (Defendant's Responses to Plaintiff's Requests to Admit, No. 18, attached as Ex. 2.)

RESPONSE: Defendant admits for the purpose of the cross motions for summary judgment that the number was Plaintiff's purported cellular telephone number, and admits the remainder. Defendant, however, denies that Plaintiff was the subscriber of the telephone number in question. (CCS Ex. 1: Plaintiff's Response to Defendants' First Set of Interrogatories No. 2; CCS Ex. 2: Plaintiff's Response to Defendants' First Set of Requests to Admit No. 1). Defendant, however, denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

3. Plaintiff did not provide her cellular telephone number directly to CCS. (Ex. 2, Defendant's Responses to Plaintiff's Requests to Admit, Nos. 20-21.)

RESPONSE: Defendant admits for the purpose of the cross motions for summary judgment that the number was Plaintiff's purported cellular telephone number, and admits the remainder. Defendant, however, denies that Plaintiff was the subscriber of the telephone number in question. (CCS Ex. 1: Plaintiff's Response to Defendants' First Set of Interrogatories No. 2; CCS Ex. 2: Plaintiff's Response to Defendants' First Set of Requests to Admit No. 1.) Defendant, however, denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

4. Instead, Defendant received Plaintiff's cellular telephone number from its client, Illinois Farmers Insurance Company ("Illinois Farmers"). (Ex. 2, Defendant's Responses to Plaintiff's Requests to Admit, Nos. 24-27.)

RESPONSE: Defendant admits for the purpose of the cross motions for summary judgment that the number was Plaintiff's purported cellular telephone number, and admits the remainder. (CCS Ex. 1: Plaintiff's Response to Defendants' First Set of Interrogatories No. 2; CCS Ex. 2: Plaintiff's Response to Defendants' First Set of Requests to Admit No. 1.)

Defendant, however, denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

5. When Defendant received Plaintiff's cellular telephone number from Illinois Farmers, it simply assumed it had prior express consent. Defendant did not take steps to determine whether the number at which it called Plaintiff was a cellular telephone number or whether Plaintiff had given prior express consent. (Ex. 2, Defendant's Responses to Plaintiff's Requests to Admit, Nos. 24-27.)

RESPONSE: Defendant admits for the purpose of the cross motions for summary judgment that the number was Plaintiff's purported cellular telephone number, denies that is "simply assumed", but admits the remainder. (CCS Ex. 1: Plaintiff's Response to Defendants' First Set of Interrogatories No. 2; CCS Ex. 2: Plaintiff's Response to Defendants' First Set of Requests to Admit No. 1; Plaintiff's Exhibit 2, Def's Response to Pl's Request to Admit Nos. 24-27). Further answering, as set forth in Defendant's Memo. of Law in Support of its Motion for Summary Judgment, Defendant states that it had prior express consent to call Plaintiff under the TCPA because Plaintiff provided her purported cell phone number to Illinois Farmers. The TCPA does not require parties to obtain a person's specific or express permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call said person. Further answering, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

6. Defendant did not ask for or obtain Plaintiff's permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call her. (Ex. 2, Defendant's responses to Plaintiff's Requests to Admit, Nos. 20-21, 24-27).

RESPONSE: Defendant denies this paragraph, since Plaintiff gave a general unrestricted permission and consent to be called at the subject number, regardless of the technology used. (Defendants' Statement of Uncontested Facts and Plaintiff's Local Rule 56.1(b)(3) Response thereto Nos. 8, 10, 18, Ex. 7 (Transcript of Statement by Plaintiff to Illinois Farmers)). Further

3

answering, as set forth in Defendant's Memo. of Law in Support of its Motion for Summary Judgment, Defendant states that it had prior express consent to call Plaintiff under the TCPA because Plaintiff provided her purported cell phone number to the driver (Ferguson), confirmed her number to Illinois Farmers and consented to being called by Illinois Farmers. The TCPA does not require parties to obtain a person's specific or express permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call said person. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

7. Illinois Farmers also did not ask for or obtain Plaintiff's permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call her. In particular, in neither the Transcript of the telephone conversation between Plaintiff and a representative of Illinois Farmers, nor in the other sources of consent upon which Defendant relies, did Plaintiff give permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call her. (Defendant's Statement of Uncontested Facts, at ¶¶ 8, 10, 15, 17, 18, Ex. 7 (Transcript).)

RESPONSE: Defendant denies this paragraph, since Plaintiff gave a general unrestricted permission and consent to be called at the subject number, regardless of the technology used. (Defendant's Statement of Uncontested Facts and Plaintiff's Local Rule 56.1(b)(3) Response requested thereto Nos. 8, 10, 18, Ex. 7 (Transcript of Statement given by Plaintiff to Illinois Farmers)). Further answering, as set forth in Defendant's Memo. of Law in Support of its Motion for Summary Judgment, Defendant states that it had prior express consent to call Plaintiff under the TCPA because Plaintiff provided her purported cell phone number to the driver (Ferguson), confirmed her number to Illinois Farmers and consented to being called by Illinois Farmers. The TCPA does not require parties to obtain a person's specific or express permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call said person. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment.

4

8. CCS followed the same processes and practices in making calls to Plaintiff and to putative class members. (Ex. 2, Defendant's Responses to Plaintiff's Requests to Admit, No. 28.)

RESPONSE: Defendant admits. Defendant, however, denies that its processes and practices in making calls to Plaintiff and to putative class members violated the TCPA. Defendant had consent to call Plaintiff in accordance with the TCPA. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

9. The only step Defendant ever takes to obtain prior express consent on its own is by asking individuals who it has already called if that number is the best number at which to reach them. (30(b)(6) Deposition of Bruce Shapiro ("Shapiro Dep."), at p. 96, l. 10-20, attached as Ex. 3.)

RESPONSE: Defendant denies. If a person provided the telephone number to CCS in written documentation. (Plaintiff's Ex. 3: Shapiro Dep. at p. 96 line 24 – p. 97 lines 1-6). Further answering, Defendant, denies that it violated the TCPA. Defendant had consent to call Plaintiff in accordance with the TCPA. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

10. Defendant never asks individuals specifically if it may use automatic telephone dialing systems or artificial or prerecorded voices to call their cellular telephones. (Thrasher Ex. 3:Shapiro Dep., at p. 100, l. 16-23; p. 77, l. 18-p.78, l. 10; p. 78, l. 24-p. 79, l. 4; p. 96, l. 10-20.)

RESPONSE: Defendant admits. Further answering, as set forth in Defendant's Memo. of Law in Support of its Motion for Summary Judgment, Defendant states that it had prior express consent to call Plaintiff under the TCPA because Plaintiff provided her purported cell phone number to the driver (Ferguson), confirmed her number to Illinois Farmers and consented to being called by Illinois Farmers. The TCPA does not require parties to obtain a person's specific or express permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call said person. Accordingly, Defendant denies that it violated the TCPA

5

as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

11. As it did with Plaintiff, Defendant assumes prior express consent has been given as to any cellular telephone numbers it receives from its clients (such as Illinois Farmers). (Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories, Nos. 3, 13, attached as Ex. 4.)

RESPONSE: Defendant admits. Defendant, however, denies that it violated the TCPA because it had consent to call Plaintiff in accordance with the TCPA. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment.

12. However, Defendant does not have any information from its clients about where they got an individual's telephone number from. (Ex. 3, p. 73, l. 12-24; p. 75, l. 4-23.)

RESPONSE: Defendant admits. Defendant, however, denies that it violated the TCPA because it had consent to call Plaintiff in accordance with the TCPA. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

13. Defendant's understanding is that its clients do not ask individuals for permission to use an automatic telephone dialing system to call their cellular telephones. (Ex. 3, p. 113, l. 2-17.)

RESPONSE: Defendant admits. Objection as to Shapiro testimony cited on the grounds asked and answered and lack of foundation. (Plaintiff's Ex. 3, p. 113 lines 6-14.) Further answering, Defendant denies that it violated the TCPA because it had consent to call Plaintiff in accordance with the TCPA. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

14. Defendant cannot identify, and is not aware of, a single instance in which its clients obtained an individual's permission to use an automatic telephone dialing system or artificial or prerecorded voice to call her cellular telephone. (Ex. 3, p. 79, l. 10-23.)

RESPONSE: Objection as to lack of foundation as to this statement (Plaintiff's Ex. 3: Shapiro dep. at p. 79 lines 5-24 to p. 80 lines 1-16). Further answering, as set forth in Defendant's Memo. of Law in Support of its Motion for Summary Judgment, Defendant states that it had prior express consent to call Plaintiff under the TCPA because Plaintiff provided her purported cell phone number to the driver (Ferguson), confirmed her number to Illinois Farmers and consented to being called by Illinois Farmers. The TCPA does not require parties to obtain a person's specific or express permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call said person. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

15. Defendant has no evidence that it or its clients expressly requested consent to use an automatic telephone dialing system or artificial or prerecorded voice to call the cellular telephones of anyone in the putative class. (Ex. 3, p. 79, l. 10-23; p. 113, l. 2-17; p. 73, l. 12-24; p. 75, l. 4-23.)

RESPONSE: Objection as to for lack of foundation as to this statement (Plaintiff's Ex. 3: Shapiro dep. at p. 79 lines 5-24 to p. 80 lines 1-16; p. 113 lines 2-17). Defendant also objects as to Shapiro testimony (Plaintiff's Ex. 3) at p. 113 lines 2-17 on the ground of asked and answered, as set forth at p.113 lines 2-17. Plaintiff's remaining citations to Shapiro's deposition do not support this statement. (Plaintiff's Ex. 3, p. 73 lines 12-24 and p. 75 lines 4-23). Further answering, as set forth in Defendant's Memo. of Law in Support of its Motion for Summary Judgment, Defendant states that it had prior express consent to call Plaintiff under the TCPA because Plaintiff provided her purported cell phone number to the driver (Ferguson), confirmed her number to Illinois Farmers and consented to being called by Illinois Farmers. The TCPA

does not require parties to obtain a person's specific permission to use an automatic telephone dialing system or an artificial or prerecorded voice to call said person. Accordingly, Defendant denies that it violated the TCPA as alleged in Plaintiff's Cross-Motion for Summary Judgment because it had express prior consent to call Plaintiff.

David M. Schultz
Clifford E. Yuknis
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
jvlahakis@hinshawlaw.com

By: /s/ *James C. Vlahakis*
One of the Attorneys for Defendant
CCS COMMERCIAL LLC d/b/a CREDIT COLLECTION SERVICES

**CERTIFICATE OF FILING**

I hereby certify that on July 13, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By: /s/ James Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hinshalaw.com